NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Civil Action No. 21-12542 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| ALI ASIF HAMID, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by the United States of America ("the Government") for leave to intervene in the above captioned civil action ("the present matter") pursuant to Federal Rule of Civil Procedure 24 and for an order staying the present matter pending the conclusion of criminal proceedings in the case captioned United States v. Boaz Manor, et al., No. 20-cr-00051 (D.N.J.) as well as Defendant Michael Gietz's ("Defendant Gietz's") motion to dismiss. For the reasons that follow, the Court finds good cause to grant the Government's motion in its entirety and will deny Defendant Gietz's motion.

The present matter was filed by the Securities and Exchange Commission ("SEC") on June 15, 2021 asserting several violations of federal securities laws. The complaint alleged that Ali Asif Hamid, Michael Gietz, and Cristine Page (collectively "Defendants")[1] participated in a

---
[1] The Court entered Final Judgment against Defendant Page on June 22, 2021. (ECF 6). Defendant Hamid has not yet filed an appearance.

"fraudulent and unregistered" initial coin offering ("ICO") of digital asset securities known as BCT Tokens between August 2017 and September 2018. (Compl. ¶ 1). The allegations against the Defendants are related to two other cases both filed in January 2020: (1) a civil case filed by the SEC against Boaz Manor ("Manor"), Edith Pardo ("Pardo") and two corporate entities (the "Manor Civil Action"), (Compl. ¶ 2), and (2) a criminal case filed by the Government against Manor and Pardo (the "Manor Criminal Action").[2] Generally, the allegations in the Manor Civil Action and the Manor Criminal Action are that Manor and Pardo raised at least $30 million through an ICO of the BCT Tokens by lying to investors about material matters, including Manor's identity and criminal background, both Manor's role and Pardo's role in the venture, and the composition of the business's management team. (Compl. ¶¶ 1, 2). The complaint in the present matter alleges that the Defendants were "knowing and substantial participants in the fraudulent scheme." (Compl. ¶ 3).

On August 20, 2021, the Government filed a motion to intervene as of right in the present matter pursuant to Federal Rule of Civil Procedure 24(a)(2) or, alternatively, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). The Government seeks to intervene for the limited purpose of staying the present matter pending the completion of the Manor Criminal Action.

The Court will grant the Government's motion for intervention as of right pursuant to Rule 24(a)(2). Rule 24(a)(2) states that courts must permit intervention by any party that "claims an interest relating to the property or transaction that is the subject of the action, and is so

---

[2] The Manor Civil Action was stayed by this Court pending the completion of the Manor Criminal Action in June 2020. SEC v. Manor, No. 20-cv-00597, 2020 WL 3446306 (D.N.J. June 24, 2020).

situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Third Circuit has enumerated four criteria that must be satisfied to intervene as of right: "(1) the application for intervention is timely, (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." United States v. Terr. of the V.I., 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation and citation omitted). The decision to permit a party to intervene as of right under Rule 24(a)(2) is within the Court's discretion. Id.

The Court finds the Government has met all four criteria for intervention as of right under Rule 24(a)(2). First, the motion to intervene is timely. The present matter is at an early stage where one of the two remaining defendants has not yet entered an appearance and discovery has not yet commenced. See Castoro & Co. v. Hartford Accident & Indem. Co., No. 14-cv-01305, 2014 WL 2155393, at *2–*3 (D.N.J. May 22, 2014) (finding that an application to intervene was timely where no discovery had taken place, and there had been no hearings, proceedings or rulings on any substantive matters). Therefore, neither the SEC nor the Defendants will be prejudiced by the Government's intervention. See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369–70 (3d Cir. 1995) (holding that intervention at an early stage of the litigation will not prejudice the parties).

Moreover, the Government has a sufficient interest in the litigation that will be affected by the disposition of the present matter. The present matter and the Government's prosecution of Manor and Pardo in the Manor Criminal Action involve the same allegedly fraudulent scheme

3

and, therefore, address many overlapping issues. See SEC v. TelexFree, Inc., 52 F. Supp. 3d 349, 352 (D. Mass. 2014) (finding intervention is warranted where "the subject matter of the civil enforcement action is nearly identical to that at issue" in the criminal prosecution). The presence of overlapping issues runs the risk that the broad discovery parameters of the civil proceeding will jeopardize the criminal prosecution involving the same conduct. See, e.g., SEC v. Chestman, 861 F.2d 49, 49 (2d Cir. 1988) (explaining that the Government has an interest in intervening in a civil case where the civil case may be used to "circumvent the more limited scope of discovery in the criminal matter"). Finally, none of the parties in the present matter will be able to protect the Government's interest in the criminal prosecution of Manor and Pardo. The SEC has a duty to safeguard the integrity of financial markets which is distinct from the Government's interest in the criminal prosecution. See SEC v. Ott, No. 06-cv-04195, 2006 WL 8462454, at *2 (D.N.J. Nov. 30, 2006) (finding that the SEC's interests in enforcing the Securities and Exchange Act of 1934 do not represent those of the United States). Thus, intervention as of right under Rule 24(a)(2) is warranted here.

The Government also seeks a stay of the present matter pending the completion of the Manor Criminal Action. The Court has the inherent power to stay the present matter until the completion of the Manor Criminal Action. Commonwealth Ins. Co. v. Underwriters, Inc., 846 F.2d 196, 199 (3d Cir. 1988). The Court considers the following factors in determining whether a stay is warranted:

> 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case. . . ; 3) the plaintiffs interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interest of the court; and 6) the public interest.

4

Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526–27 (D.N.J. 1998). Here, these factors weigh in favor of staying the present matter.

First, as discussed above, there is significant overlap between the present matter and the Manor Criminal Action since they both involve the same allegedly fraudulent scheme and will involve overlapping witnesses and discovery material. See Walsh Sec., Inc., 7 F. Supp. 2d at 527 (explaining that the similarity of issues is the most important factor to be considered). Next, the Court finds that a stay best balances the interests of the parties, the Court, and the public. The parties in the present matter have an interest in its swift resolution. However, that interest is outweighed by the importance of conducting an unimpeded criminal prosecution. SEC v. Shkreli, No. 15-cv-07175, 2016 WL 1122029, at *7 (E.D.N.Y. Mar. 22, 2016) ("[T]he public's interest in the effective enforcement of the criminal law is the paramount public concern."). Indeed, the Third Circuit has recognized that the broad use of discovery in a civil action may complicate the prosecution of ongoing, related criminal proceedings and, therefore, a stay of the civil action may be necessary. See United States v. Mellon Bank, N.A., 545 F.2d 869, 873 (3d Cir. 1976) (finding that a stay is warranted where the defendant in a civil proceeding might "improperly exploit civil discovery for the advancement of his criminal case"). Moreover, there is no indication that a stay of the proceeding will prejudice the litigants here—none of them have opposed the Government's motion to stay the present mater.

Finally, the Court will address Defendant Gietz's motion to dismiss. The only argument he makes in favor of his motion is that the allegations against him are substantially similar to the allegations in the Manor Civil Action. (ECF 15 at 3). As a result, Defendant Gietz argues "the outcome of that action is necessary to establishing the facts of this action." (ECF 15 at 3). In the

alternative, he asks that the present matter be stayed pending the Manor Civil Action. (ECF 15 at 9).

As a reason for dismissing the complaint, Defendant Gietz's argument is unavailing. However, his motion indicates that he is also amenable to a stay of the present matter pending the resolution of the Manor Criminal Action. Indeed, he alternatively requests that this Court stay the present matter pending the outcome of the Manor Civil Action, (ECF 15 at 9), which has itself been stayed pending the Manor Criminal Action, <u>SEC v. Manor</u>, No. 20-cv-00597, 2020 WL 3446306 (D.N.J. June 24, 2020). Moreover, he has not opposed the Government's motion to stay the present matter pending the Manor Criminal Action. As such, the Court is satisfied that a stay of the present matter pending the completion of the Manor Criminal Action is in the best interests of the parties.

Accordingly,

**IT IS** on the 8th day of October, 2021,

**ORDERED** that the motion filed by the United States of America to intervene in, and stay, this action (ECF 13) be and hereby is **GRANTED**; and it is further

**ORDERED** that the motion filed by the Defendant Michael Gietz to dismiss the complaint (ECF 15) be and hereby is **DENIED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 24(a)(2), the United States of America is granted leave to intervene in the above-captioned action; and it is further

**ORDERED** that, in the interests of justice, the above-captioned action is **STAYED** pending the completion of the criminal case captioned United States v. Boaz Manor, et al., No. 20-cr-00051 (D.N.J.).

  s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge